THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Maurice Damon Bufford, | ) C/A No. 4:12-02191-CMC-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Officer Gibson; Lt. Horne; Sgt. Wilson; Lt. Lasley; Lt. DeGeorgies; Lt. Madden; Ofc. Sams; Ofc. McBride; Sgt. Nally; Lt. Church; Ofc. Binkley, | ) |
| | )REPORT AND RECOMMENDATION |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PROCEDURAL BACKGROUND**

The Plaintiff, Maurice Bufford ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on August 3, 2012, alleging violations of his constitutional rights. Plaintiff filed his second amended complaint on September 14, 2012. (Doc. #13). Plaintiff is currently incarcerated at Perry Correctional Institution. Defendants filed a motion for summary judgment on July 3, 2013, along with a memorandum and exhibits in support of said motion. (Document #57). Because Plaintiff is proceeding pro se, he was advised on or about July 8, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' motion for summary judgment could result in the dismissal of his complaint. The Plaintiff failed to file a response.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion for summary judgment. Plaintiff has not responded to Defendants' motion for summary judgment or the court's order requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, the undersigned will address Defendants' motion for summary judgment as to the exhaustion issue.

## DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The Plaintiff alleges that Defendants violated his constitutional rights. Plaintiff alleges a violation based upon the water to his cell being turned off on June 28, 2012, after the there was flooding around his cell, and not restored until June 29, 2012. Plaintiff further asserts that Defendant Madden ordered the outside door to the dorm to remain open allowing insects and spiders to enter. Lastly, Plaintiff asserts that he was not allowed to clean his room when a cleaning crew was called to the SMU where he was housed.

The Defendants filed a motion for summary judgment on July 3, 2013, asserting this action should be dismissed due to Plaintiff's failure to exhaust his administrative remedies, failure to state a claim, and qualified immunity.

### B. STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown,

3

the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting

his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis as well as on the merits of the allegations. Defendants submitted the affidavit of Ann Hallman (Hallman) who attests that she is an employee of the SCDC as the Chief of the Inmate Grievance Branch which oversees and monitors the processing of inmate grievances throughout the agency. (Hallman's affidavit, doc. #57-8). Hallman avers that the initial step for the SCDC Inmate Grievance System is for the inmate to file a Step 1 grievance. (Id.). An inmate has fifteen (15) days from the date an incident occurs to file a grievance. (Id.). The Warden's response to the Step 1 Grievance should be given within 40 days. (Id.). If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 Grievance by filing a form 10-5a or Step 2 Request within five (5) days of the receipt of the response from the warden. (Id.). A response is due within 60 days from receipt of the Step 2 grievance. (Id.). Hallman asserts Plaintiff filed Grievance Number PCI-1799-12 which was received on July 3, 2012, concerning water on the floor of his dorm and cell on June 28, 2012, the water being turned off to his cell during that time, the dorm door being left open and alleged refusal to be allowed to clean his room. (Id.). Plaintiff's grievance was denied and Plaintiff filed a Step 2 Grievance which was received on January 8, 2013. (Id.). It was returned to the Plaintiff for writing in the "Responsible

Officials Decision and Reasons" area. (Id.). Plaintiff was given until January 11, 2013, to resubmit the Step 2 Grievance. (Id.). Plaintiff resubmitted the Step 2 Grievance which was signed on January 11, 2013, and received January 14, 2013. (Id.). Plaintiff withdrew his Step 2 Grievance on March 13, 2013. A copy of Plaintiff's grievance was attached to Hallman's affidavit. (Id.).

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit.  The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a).  Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC.  The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001);  *see* Porter v. Nussle, 534 U.S. 516 (2002);  Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir.  2001)(exhaustion required even though Plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on the evidence presented, it is recommended that Defendants' motion for summary judgment (doc. #57) be granted for failure to exhaust administrative remedies. As it is recommended that the complaint be dismissed for failure to exhaust the administrative remedies, the merits will not be addressed.

## PENDENT JURISDICTION

Assuming Plaintiff's § 1983 claim is dismissed by this Court and Plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

In the alternative, it is RECOMMENDED that Defendants' motion for summary judgment (document #57) be GRANTED for failure to exhaust administrative remedies and this claim dismissed.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 21, 2013
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

7